UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>Plaintiff<br><br>v.<br><br>JOSEFINA RIVERA COLÓN, as joint debtor and as known member of the Estate of LUIS A. RIVERA IRIZARRY; JANICE LILI RIVERA RIVERA; CARLOS ALBERTO RIVERA RIVERA; NILSA RIVERA CORTÉS; IVÁN RIVERA DE JESÚS; LUIS ALBERTO RIVERA DE JESÚS; PETER RIVERA RIVERA; ENID RIVERA CABAÑAS; LINDA RIVERA DE JESÚS; LUIS GILBERTO RIVERA RIVERA; CLARIXA RIVERA RIVERA; CAROLYN RIVERA RIVERA as known members of the Estate above-mentioned; JOHN DOE and RICHARD ROE as unknown members of the Estate; UNITED STATES OF AMERICA<br><br>Defendants | CIVIL NO.<br><br>Foreclosure of Mortgage |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America -acting by the United States Department of Agriculture- through the undersigned attorney, who respectfully alleges and prays as follows:

1.   Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2.   Plaintiff, United States of America, is acting through the United States Department of Agriculture, which is organized and existing under the provisions of the Consolidated

Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq. Plaintiff is the owner and holder of two (2) promissory notes that affects one (1) property described further below.

3.    The promissory note mentioned before is for the amount of **$3,500.00,** with annual interest of 5%, subscribed on July 14,1980. *See Exhibits 1 and 2.*

4.    For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 83. This mortgage is duly recorded at the corresponding Property Registry. *See Exhibits 3, 4 and 5.*

5.    Plaintiff is also the owner and holder of a promissory note for the amount of **$9,500.00,** with annual interest of 11%, subscribed on July 14, 1980. *See Exhibits 6 and 7*

6.    For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 84. This mortgage is duly recorded at the corresponding Property Registry. *See Exhibits 5, 8 and 9*

7.    According to the Property Registry, defendants -with the exception of United States of America- are the owners of record of the real estate properties subject of this case. Said property is described -as it was recorded in Spanish- as follows:

RÚSTICA: Radicada en el barrio Río Abajo del término municipal de Utuado compuesta de seis cuerdas de terreno equivalentes a dos hectáreas, treinta y cinco áreas, ochenta centiáreas y cuarenta miliáreas, con las siguientes colindancias: por el NORTE, con la Sucesión de Manuel Cortés; por el SUR, Sucesión de Francisco Salas y Juan Torres antes, hoy Alfonzo Díaz Maldonado y Modesto Torres; al ESTE, Belén Marrero; y por el OESTE, con la parcela número tres.

PROPERTY NUMBER: 10,696, recorded at page 215 of volume 264 of Utuado, Registry of the Property of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 5.*

2

8.  The title search attached to this complaint confirms the registration of the mortgage liens that secure the loan obligations between the plaintiff and the defendants. *See Exhibit 5.*

9.  As stated in Title Search for Property #10,696, Mr. Luis A. Rivera Irizarry passed away. *See Exhibit 5.*

10. According to said Title Search, the known members of the Estate of Luis A. Rivera Irizarry are the following individuals:

    (a)  JANICE LILI RIVERA RIVERA;

    (b)  CARLOS ALBERTO RIVERA RIVERA;

    (c)  NILSA RIVERA CORTÉS;

    (d)  IVÁN RIVERA DE JESÚS;

    (e)  LUIS ALBERTO RIVERA DE JESÚS;

    (f)  PETER RIVERA RIVERA;

    (g)  ENID RIVERA CABAÑAS;

    (h)  LINDA RIVERA DE JESÚS;

    (i)  LUIS GILBERTO RIVERA RIVERA;

    (j)  CLARIXA RIVERA RIVERA;

    (k)  CAROLYN RIVERA RIVERA.

11. JOHN DOE and RICHARD ROE are included as possible unknown heirs to the Estate mentioned before.

12. Codefendants are jointly and severally responsible for all amounts owed to plaintiff, arising from the loan obligations subscribed.

13. According to *P.R. Laws Ann.,* Article 959, (Sec. 2787), defendants have 30 days to either accept or reject their participation in the Estate(s) to which they lawfully belong.

3

If no answer is received within said period, their participation shall be deemed as accepted.

14. It was expressly stipulated in the notes evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said notes, to declare due and payable the total amount of the indebtedness evidenced by said notes and proceed with the execution and/or foreclosure of the mortgages.

15. The defendants herein, jointly and severally, have failed to comply with terms of the mortgage contracts by failing to pay the installments due on all notes until the present day, and that after declaring all the indebtedness due and payable, defendants owe to the plaintiff, according to the Certifications of Indebtedness included herein as Exhibit 10, the following amounts:

a) On the $3,500.00 Note:

    i. The sum of $2,385.22, of principal;

    ii. The sum of $5,521.05, of interest accrued as of September 10, 2020, and thereafter until its full and total payment, which interest amount increases at the daily rate of $0.4353;

    iii. Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

b) On the $9,500.00 Note, as modified:

    i. The sum of $9,162.23, of principal;

    ii. The sum of $37903.26, of interest accrued as of September 10, 2020, and thereafter until its full and total payment, which interest amount increases at the daily rate of $2.7612;

iii.   Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

16.   The indebtedness evidenced by the aforementioned notes is secured by the mortgages over the properties described in this complaint.

17.   Codefendant Josefina Rivera Colón is not currently active in the military service for the United States. Plaintiff is unable to provide a "Status Report pursuant to Servicemembers Civil Relief Act" for the remainig codefendants since we do not know their social security numbers. Exhibit 11.

18.   The real estate properties mentioned before are subject to the following liens in the rank indicated:

(A)   Property 10,696:

1)   Junior Liens with inferior rank or priority over mortgages herein included:

i.   FEDERAL TAX LIEN: Recorded at entry 2016-004589-FED, Karibe System, filed on May 5, 2016, notification number 209885416, against Carlos Rivera & Sonia Saavedra, Social Security Number xxx-xx-0609, in the amount of $61,208.75.

ii.   FEDERAL TAX LIEN: Recorded at entry 2018-007485-FED, Karibe System, filed on September 18, 2018, notification number 321677418, against Carlos Rivera Rivera, Social Security Number xxx-xx-3811, in the amount of $23,930.78.

iii.   FEDERAL TAX LIEN: Recorded at entry 2018-011045-FED, Karibe System, filed on December 12, 2018, notification number 321677418, against Carlos Rivera Rivera, Social Security Number xxx-xx-3811, in the amount of $1,976.33.

iv.   FEDERAL TAX LIEN: Recorded at entry 2019-007374-FED, Karibe System, filed on August 19, 2019, notification number 321677418, against Carlos Rivera Rivera, Social Security Number xxx-xx-3811, in the amount of $1,320.75.

v.    FEDERAL TAX LIEN: Recorded at entry 2018-007840-FED, Karibe System, filed on September 11, 2019, notification number 371088019, against Luis A. Rivera, Social Security Number xxx-xx-4549, in the amount of $5,568.81.

19.    The United States of America is included as a party of interest in this action because, according to the Title Search for Property #10,696, there are five Federal Tax Liens affecting it. *See Exhibit 5.*

## VERIFICATION

I, JACQUELINE LAZÚ LABOY, of legal age, married, executive and resident of Humacao, Puerto Rico, in my capacity as Acting Director for the Loan Resolution Task Force of the Farm Service Agency, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the

Farm Service Agency;

      7)   I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

      I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

      In San Juan, Puerto Rico, this 26  day of  October  , 2020.


JACQUELINE LAZU LABOY

## PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

      a)    That defendant's party pays unto the plaintiff the amounts claimed on this complaint;

      b)    Or in default thereof that all legal right, title and interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of said sale;

      c)    That the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed from all rights and equity of redemption in and to said property;

      d)    That if the proceeds of such sale be insufficient to cover the amounts specified under paragraph 13 of this prayer, said defendant be adjudged to pay to the United States the total amount of money remaining unsatisfied to said paragraph (a) of this prayer, and execution be issued forthwith against said defendants for the payment of said deficiencies

against any of the properties of said defendants;

e)      That if the proceeds of said sale exceed the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f)      That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of the foreclosed mortgage and of any other junior liens recorded therein;

g)      For such further relief as in accordance with law and equity may be proper.


In Guaynabo, Puerto Rico, this October 27, 2020.


/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913
FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 9300
SAN JUAN, PR 00908
TEL.  787-751-5290
FAX. 787-751-6155
Email: dcfilings@fortuno-law.com

FmHA Form 1940-17(S) (Rev. 11-1-78)

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

## DEPARTMENT OF AGRICULTURE OF THE UNITED STATES
## FARMERS HOME ADMINISTRATION

**PROMISSORY NOTE**

**TYPE OF LOAN**
Type:  EM M-597
In accordance to:
[ X ]  Consolidated Farm & Rural Development Act
[   ]  Emergency Agricultural Credit Adjustment Act of 1978

| | |
|---|---|
| **Name** RIVERA IRIZARRY, LUIS A. | **ACTION REQUIRING PROMISSORY NOTE** |

**ACTION REQUIRING PROMISSORY NOTE**
[ X ] Initial Loan          [   ] New Payment Plan

[   ] Subsequent Loan       [   ] Reamortization

[   ] Consolidation and     [   ] Credit Sale
      subsequent loan

[   ] Consolidation         [   ] Deferred Payments

| | |
|---|---|
| **State** PUERTO RICO | **Office** UTUADO |
| **Case Number** 63-15-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 | **Date** July 14, 1980 |

FOR VALUE RECEIVED, the subscribing Borrower and any other co-debtor, severally and jointly, we shall pay to the order of the United States of America, acting through the Farmers Home Administration of the Department of Agriculture of the United States (henceforth referred to as the "Government") or its cessionnaire at its office in   UTUADO, PUERTO RICO- or at any other place designated by the Government in writing, the principal sum of  THREE THOUSAND FIVE HUNDRED AND 00/100   —  dollars ($3,500.00) plus interest on the principal owed at FIVE PERCENT (5% ) annually.  If this promissory note is for a Limited Resources loan (indicated in the superior clause "Type of Loan"), the Government may CHANGE THE PERCENTAGE OF INTEREST, in accordance to the regulation of the Farmers Home Administration, not more frequently than every trimester, notifying the Borrower in writing with thirty (30) days of advance notice at his last address.  The new interest rate must not exceed the highest interest rate established in the regulations in the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in  -EIGHT-  Installments, as indicated below, except if modified by a different interest rate, on or before the following dates:

$     306.00              on January 1, 1981;       $                          on January 1, 19;

$                          on January 1, 19;         $                          on January 1, 19 ;

$                          on January 1, 19 ;        $                          on January 1, 19 ;

$                          on January 1, 19 ;        $                          on January 1, 19 ;

$                          on January 1, 19 ;        $                          on January 1, 19 ;
and $ 605.00   , subsequently on January 1 of each year until the principal and interest have been completely paid off except that the final installment of the debt evidenced herein, is not previously paid, shall be due and payable within   - SEVEN-  years of the date of this promissory note and except that payments could be made in advance as stated further on.  The consideration involved herein shall back any agreement modifying the payment plan.

If the total amount of the loan is not advance as of the date of the closing, the loan may be advanced to the Borrower as requested by the Borrower and approved by the Government.  The approval of the Government shall be given as long as the advance is requested for a purpose authorized by the Government.  Interest shall be accrued for the amount of each advance payment from its present date as is shown in the Registry of Advance Payments at the end of this promissory note.  The Borrower authorizes the Government to write down the amounts and dates of such advance payments in the Registry of Advance Payments.

In each reamortized or consolidated promissory note, or with the new payment plan, the interest accrued as of the date of this instrument must be added to the principal and that new principal shall accrue interest at the rate of the percentage evidenced by this instrument.

Any payment made in any debt represented by this promissory note shall first be applied to interest calculated as of the effective date of the payment and afterwards to the principal.

Jay-Ce-Agriculture                          Position 2                          (Rev. 11-1-78)

Payments made in advance of the stipulated installments or of any part of the same, may be made at any time at the option of the Borrower. Reimbursements and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, in accordance to the source of the funds involved, after paying the interest, shall be applied to the last installments to be due under this promissory note and will not affect the obligation of the Borrower to pay the remaining installments as is specified in the same. If the Government at any time were to cede this promissory note and ensure the payment of the same, the Borrower shall continue making the payments to the Government as the collecting agent for the holder.

While this promissory note is in the power of an insured Borrower, the advance payments made by the Borrower may, at the option of the Government, be forwarded by the Government promptly to the holder, or, with the exception of the final payment, they may be withheld by the Government and forwarded to the holder on the basis of the annual installment due. The effective date of any payment made by the Borrower, except payments which have been withheld and forwarded by the Government to the holder on the basis of the annual installment due shall be the date of the check from the Treasury of the United States by means of which the Government forwards the payment to the holder. The effective date of any advance payment withheld and forwarded by the Government to the holder on the basis of annual installment due, shall be the date of the payment advanced by the Borrower and the Government shall pay the interest at which the holder is entitled to be accrued between the effective date of any of said advance payments and the date of the check of the Treasury forwarded to the holder.

Any amount advanced or invested by the Government for the collection of this promissory note or to preserve or protect the guaranty of the loan or in another manner invested under the terms of any guaranty agreement or other instrument executed with regard to the loan evidenced herein, at the option of the Government, may go on to become part of the loan and shall accrue interest at the same rate of interest as that of the principal of the debt evidenced herein and shall be due and payable immediately by the Borrower to the Government without the need for requirement.

The property built, improved, purchased or refinanced in total or in part with the loan evidenced herein shall not be leased, ceded, sold, transferred or encumbered voluntarily or in another form, without the prior consent in writing on the part of the Government. Unless the Government consents to the contrary in writing, the Borrower shall personally operate said property as a farm if this loan is to a farm owner (FO).

If a "Consolidation and a Subsequent Loan", "Consolidation", "Reamortization", or a "New Payment Plan" is indicated in the top clause of the first page, "Action Requiring Promissory Note", this promissory note is executed to consolidate, reamortize or evidence a new payment plan but not in satisfaction of the principal and interest of the following promissory notes or subrogation agreement(s) (new terms).

| VALUE OF THE PROMISSORY NOTE | INTEREST | DATE | ORIGINAL BORROWER | LAST INSTALLMENT DUE |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

The guaranty documents taken with regard to the loans evidenced by these promissory notes described or other related obligations are not affected by the granting of this consolidation, reamortization or new payment. Plan. These guaranty instruments shall continue in effect and the guaranty offered for the loans evidenced by the promissory notes described shall remain as guaranty for the loan evidenced by this promissory note and by any other related obligation.

REFINANCING AGREEMENT: If at any moment the Government were to determine that the Borrower may obtain a loan from a responsible credit union or another private source of credit at a reasonable rate of interest and terms for loans for similar time and conditions, the Borrower, at the request of the Government, shall request and accept the loan in a sufficient amount to satisfy this promissory note in its entirety and pay the necessary shares if the lender is a cooperative.

BREACH: The lack of payment upon its due date regarding any debt evidenced herein or the breach of any condition or agreement under this document shall constitute breach under any other instrument evidencing a debt of the Borrower insured or guaranteed by the Government or in any other form related to said debt; the breach under any other said instrument shall constitute breach under the terms of this document. ANY BREACH THAT IS COMMITTED, the Government, at its option, may declare all or part of said debt due and immediately payable.

This Promissory Note is executed as evidence of a loan granted to the Borrower or insured by the Government in accordance to  the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the box "TYPE OF LOAN" further up.  This Promissory Note shall be  subject to the  present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the stipulations consigned herein.

Presentation, protest and notice are by means of the present document expressly waived.

(SIGNATURE)
_____

Josefina Rivera Colón – By herself,  (Borrower)
in representation and as legal guardian for her
husband, Luis A. Rivera Irizarry

_____
(Borrower)

P.O. Box  792 _____

Utuado, P.R.  00761 _____

_____

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

| REGISTRY  OF  ADVANCE  PAYMENTS | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $ 3,500.00 | 07-14-80 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 3,500.00 | |

Jay-Ce-Agriculture                    Position 2                    Form FmHA 1940 17-(S)
(Rev. 11-1-78)

Exhibit 2

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

**DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS**
**ADMINISTRACION DE HOGARES DE AGRICULTORES**

**PAGARE**

| CLASE DE PRESTAMO |
|---|
| Tipo: EM M-597 |
| De acuerdo a: |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| Nombre RIVERA IRIZARRY, Luis A. |
|---|
| Estado PUERTO RICO | Oficina UTUADO |
| Caso Núm. 63-15-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 | Fecha 14 de julio de 1980 |

| ACCION QUE REQUIERE PAGARE: |
|---|
| ☒ Préstamo Inicial | ☐ Nuevo Plan de Pago |
| ☐ Préstamo Subsiguiente | ☐ Reamortización |
| ☐ Consolidación y préstamo subsiguiente | ☐ Venta a Crédito |
| ☐ Consolidación | ☐ Pagos Diferidos |

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su

cesionario en su oficina en – – – UTUADO, PUERTO RICO – – – – – – – – –

o en otro sitio designado por el Gobierno por escrito, la suma principal de – – TRES MIL QUINIENTOS CON – –

– – – – – – – –00/100 _____ dólares ($ 3,500.00 ) más intereses sobre el principal adeudado al

– – – CINCO – – – **POR CIENTO** ( 5 %) anual. Si este pagaré

es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede **CAMBIAR EL PORCIENTO DE INTERES**, de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en – OCHO – plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

| | | | |
|---|---|---|---|
| $ 306.00 en enero 1, 1981; | $ en enero 1, 19 ; |
| $ en enero 1, 19 ; | $ en enero 1, 19 ; |
| $ en enero 1, 19 ; | $ en enero 1, 19 ; |
| $ en enero 1, 19 ; | $ en enero 1, 19 ; |
| $ 605.00 en enero 1, 19 ; | $ en enero 1, 19 ; |

y $ _____ , subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en SIETE años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Jay-Ce–Agricultura

*Posición 2*

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

Pagos adelantados de los plazos estipulados o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en el mismo. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el prestatario continuará haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente por el Prestatario al Gobierno sin necesidad de requerimiento.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este préstamo es a dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente", "Consolidación", "Reamortización" o un "Nuevo Plan de Pago" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar un nuevo plan de pago pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| VALOR DEL PAGARÉ | INTERESES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o nuevo plan de pago. Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciado por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

**CONVENIO DE REFINANCIAMIENTO:** Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

**INCUMPLIMIENTO:** La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; el incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. **COMETIDO CUALQUIER INCUMPLIMIENTO,** el Gobierno, a su opción, podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado "CLASE DE PRESTAMO" más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

_Josefina Rivera Colón – Por sí, en_ **(Prestatario)**
representación y como tutora legal de su
esposo, Luis A. Rivera Irizarry

_____
**(Prestatario)**

P.O. Box 792

Utuado, P.R.  00761

## CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married and resident of Guayama, Puerto Rico. In my official capacity as State Executive Director of the Farm Service Agency, U.S. Department of Agriculture, hereby declare under penalty of perjury that this is a true and exact copy of the original document which I have under my custody.

San Juan, Puerto Rico

Juan M. Ortiz Serbiá
State Executive Director

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $ 3,500.00 | 07-14-80 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 3,500.00 | |

**Jay-Ce-Agricultura**          Posición 2          Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

FmHA Form 427-1 PR
10/77

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

## NUMBER EIGHTY-THREE

## VOLUNTARY MORTGAGE

In Utuado, Puerto Rico, today, July fourteen of one thousand nine hundred eighty.------------------------------------------------------------------------------
----------------------------------BEFORE ME------------------------------------------
------------------------------LEONIDES GRAULAU QUIÑONES--------------------
Attorney and Notary Public of this island with residence and domicile in Utuado, Puerto Rico and office at Number One Hundred Seven Doctor Cueto Street of Utuado, Puerto Rico.--------------------------------------------------------------

(Note: Stamped with the seal of the Puerto Rico Property Registry, Utuado section and that of Leonides Graulau Quiñones, Attorney-Notary).

## APPEARING

The persons named in the TWELFTH paragraph of this mortgage henceforth referred to as the "mortgage debtor" and whose personal circumstances appear from said paragraph.

I give faith of the personal knowledge of the ones appearing herein, as well as on the basis of their statements regarding their age, civil status, occupation and domicile.

They assure me of being in the full enjoyment of their civil rights, the free administration of their goods and in my judgment, they have the necessary

legal capacity for this execution.

## STATE

FIRST:     The mortgage debtor is the owner of the property or properties

described in the ELEVENTH paragraph as well as of all the rights and interest

in the same, referred to henceforth herein as "the goods".

SECOND:   That the goods mortgaged herein are encumbered by the liens

which are specified in the ELEVENTH paragraph.

THIRD:  That the mortgage debtor  has an obligation with regard to the United

States of America, acting through the Farmer's Home Administration,

henceforth referred to herein as the "mortgage creditor", with regard to a loan

or loans evidenced by one or more promissory notes or  subrogation

agreement, henceforth referred to as the "promissory note", whether they are

one or more.   It is required by the Government that additional monthly

payments of one-twelfth of the taxes, assessments (taxes), insurance

totally paid off, loss suffered by the mortgage creditor as insurer for the promissory note, taxes, insurance premium or any other outlay or advance payment on the part of the  mortgage creditor to the account of the mortgage debtor with its interest until they have paid the mortgage creditor  the costs, expenses and attorney's fees of the mortgage creditor.   Any extension or renewal of said obligations with interest on each and every other charge or additional sum specified in the NINTH paragraph of this document.

SIXTH:  The mortgage debtor expressly agrees to the following:

(One)     Pay the mortgage creditor promptly upon its maturity any debt guaranteed herein and indemnify and maintain free from loss the mortgage creditor under the insurance for the payment of the promissory note due to the lack of compliance on the part of the mortgage debtor.  At all times when the promissory note is held by the insured lender, the mortgage debtor shall continue making the payments against said promissory note to the mortgage creditor as collection agent for the holder of the same.

(Two)     To pay the mortgage creditor an initial fee for inspection and appraisal and any charge for arrears required in the present or in the future by the regulations of the Farmer's Home Administration.

(Three)     At all times when the promissory note is held by an insured lender, any sum owed and unpaid under the terms of the promissory note, minus the annual amount or charge, may be paid by the mortgage creditor to the holder of the promissory note under the terms provided in the promissory note and in the insurance endorsement referred to in the preceding FOURTH paragraph to the account of the mortgage debtor.

Any sum due and unpaid under the terms of the promissory note, whether  this

is held by the mortgage creditor or by the insured lender, may be credited by the mortgage creditor toward the promissory note and as a result shall constitute an advance payment on the part of the mortgage creditor to the account of the mortgage debtor.

Any advance on the part of the mortgage creditor such as it is described in this sub-paragraph shall accrue interest at the rate of **five** percent (**5%** ) annually from the date when the payment was due up the date when the mortgage debtor pays it.

(Four):    Whether the promissory note was insured by the mortgage creditor or not,

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

his residence pursuant to how it is specified further on.

(Twenty-two)    By means of the present document, the mortgage debtor cedes to the mortgage creditor the sum of any judgment obtained by condemnation under sovereign right of eminent domain for public use of the goods or part of them as well as the sum of the judgment for damages caused to the goods. The mortgage creditor shall apply the sum that he receives to the payment of the expenses in which it incurred in its collection and the balance to the payment of the promissory note and any debt to the mortgage creditor guaranteed by this mortgage, and if there were any surplus left, it shall be reimbursed to the mortgage debtor.

SEVENTH:  So that it will serve as rate for the first auction that must be held in the event of foreclosure of this mortgage, in conformity to the Mortgage Act, as amended, the mortgage debtor, by means of the present document, appraises the mortgaged goods in the sum  of **THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00).**----------------------------------------------------------


EIGHTH:  The mortgage debtor, by means of the present document, waives the requirement endeavor and shall be considered in default without the need of any notice whatsoever on the part of the mortgage creditor.  This mortgage is subject to the regulations of the Farmer's Home Administration  now in effect and to future regulations, not inconsistent with the terms of this mortgage, as well as also subject to the laws of the Congress of the United States of America which authorize the assignment and the insuring of the aforementioned loan.

NINTH:    The amounts guaranteed by this mortgage are the following:

One.  At all times when the promissory note mentioned in the THIRD paragraph of this mortgage is owned by the mortgage creditor or in the event that the mortgage creditor were to cede this mortgage without insuring the promissory

note:   **THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00)** the principal of said promissory note, with its interest as stipulated at the rate of   **five** percent **(5%)** annually;

Two.  At all times when the promissory note is held  by an insured lender:

(A) **THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00)** to indemnify the mortgage creditor for advances to the insured lender due to the lack of compliance of the mortgage debtor of paying the installments as is specified in the promissory note, with interest as specified in the SIXTH paragraph, Third:

(B)   **FIVE THOUSAND TWO HUNDRED FIFTY DOLLARS ($5,250.00)** in addition, to indemnify the mortgage creditor against any loss that it may suffer under his insurance for the payment of the promissory note;

Three.  In any case and at all times:

(A) **ONE THOUSAND FOUR HUNDRED DOLLARS ($1,400.00)**  for interest after the default;

(B) **SEVEN  HUNDRED DOLLARS ($700.00)** for taxes, social security and other prepayments for the conservation of this mortgage, with interest at the rate stipulated in the SIXTH paragraph,  Third;

C) **THREE HUNDRED AND FIFTY DOLLARS ($350.00)**  for costs, expenses and attorney's fees in case of foreclosure;

(D)   **THREE HUNDRED AND FIFTY DOLLARS ($350.00)** for costs and expenses incurred in by the mortgage creditor in proceedings to defend its interest against any person who intervenes or challenges the right of possession of the mortgage debtor to the goods as they are consigned in the SIXTH paragraph, Thirteen.

TENTH:    That the promissory note or notes to which reference is made in the THIRD paragraph of this mortgage is or are described as follows:  Promissory note executed in case number sixty-three dash fifteen dash one hundred

eighteen, dash twenty-four dash zero two hundred thirty (63-15-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) dated July fourteen of one thousand nine hundred eighty, -------------------------

-------------------------------------------------------------------------------------

-------------------------------------------------------------------------------------

-------------------------------------------------------------------------------

for the sum of **THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00)** of principal plus interest on the balance of the principal owed at the rate of **five ( 5%)** percent until the principal is totally satisfied according to the terms, installments, conditions and stipulations contained in said promissory note and as agreed and convened upon between the Lender and the Government;  except the final payment of the total of the debt represented herein, if it has not been previously satisfied, shall be due and payable within **twenty (20)** years from the date of this promissory note.

Said promissory note has been executed as evidence of a loan granted by the government to the borrower in conformity with the Law from the United States of America Congress entitled Consolidated Farm and Rural Development Act of 1961 or  in conformity with Title V of the Housing Act of 1949,  pursuant to how they have been amended and is subject to the present regulations of the Farmer's Home Administration and the future Regulations which are not inconsistent with said Law. Of which description, I, the Authorizing Notary, GIVE FAITH.

ELEVENTH:   That the property object of the present deed and over which the Voluntary Mortgage is constituted, is described as follows:------------------------

----RURAL:  Located in the Río Abajo ward of the municipality of Utuado, Puerto Rico, comprised of SIX " CUERDAS", equivalent to two hectares, thirty-five ares and eighty centiares and forty milliares, with the following boundaries: on the North, with the Succession of Manuel Cortés; on the South, with

Francisco Salas and Juan Torres before, today Alfonso Díaz Maldonado and Modesto Torres; on the East, with Belén Marrero and on the West, with lot number three.----------------------------------------------------------------------------------
----Registered on the back side of page two hundred eighteen of book two hundred sixty-four of Utuado, property number ten thousand six hundred ninety-six, sixth registration.--------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------

The borrower acquired the described property through purchase from Francisco Pagán as stated by deed number sixty-two dated October twenty of one thousand nine hundred seventy-one, executed in the city of Utuado, Puerto Rico, before Notary Public Rafael J. Baragaño.------------------------------------------
Said property is encumbered with a mortgage for the sum of TEN THOUSAND DOLLARS ($10,000.00) guaranteeing a Bearer Note dated December eight of one thousand nine hundred seventy-six and which is due upon presentation.----
TWELFTH: That there appear in the present deed as Mortgage Debtor Mistress Josefina Rivera Colón, of legal age, married to Mister Luis A. Rivera Irizarry, property owner and resident of Utuado, Puerto Rico, by herself in representation of and as legal guardian of her husband Mister Luis A. Rivera Irizarry, of legal age, married to Mistress Josefina Rivera Colón, property owner and resident of Utuado, Puerto Rico, in accordance to resolution entered by the Honorable Judge José A. Annoni Matos, of the Superior Court of Puerto Rico, Utuado section, in Civil Case Number TS dash eighty dash one thousand two

hundred thirty-two (TS-80-1232)—————————————————————————————————

on July eleven of one  thousand nine hundred eighty: - whose postal address

is: Sabana Grande ward, Utuado, Puerto Rico.—————————————————————————

THIRTEENTH:    The sum of the loan consigned herein was used or shall be

used for agricultural purposes and for the construction and/or repair and/or

improvements of the physical installations on the property described herein.

FOURTEENTH:   The borrowers shall personally occupy and use any structure

which has been built, improved or purchased with the sum of the loan

guaranteed herein and shall not lease and use for other purposes said

structure unless the Government consents to it in writing.  The violation of this

clause, like the violation of any other covenant or clause contained herein, shall

bring about the maturity of the obligation as if the entire term had elapsed and

in attitude the Government were to declare the loan due or payable and

proceed to the foreclosure of the mortgage.

FIFTEENTH:      This mortgage is expressly extended to any existing

construction or building on the property described above and to any

improvement, construction or building which is built on said property during the

effective period of the mortgage loan constituted in favor of the Government,

verified by the present debtor owners or by their cessionnaires or assigns.

SIXTEENTH:      By means of the present document, the Mortgage Debtors,

waive, severally and jointly  by themselves and in the name of their heirs,

successors, assigns or representatives, in favor of the creditor   (Farmer's

Home Administration), any Homestead right which in the present or in the

future they could have with regard to the property described in the eleventh

paragraph and the buildings located therein or which were to be built in the future;  this is allowed in favor of the Farmer's Home Administration by Act Number thirteen (13) of May twenty-eight (28) of one thousand nine hundred sixty-nine (1969) (31 L.P.R.A. 1851).

SEVENTEENTH:      The mortgage creditor and debtor agree that any stove, oven and heater purchased or financed entirely or partially with funds from the loan guaranteed herein, shall be considered and construed as part of the property encumbered by this Mortgage.

EIGHTEENTH:      The funds from this loan shall be utilized for the repair of a building and improvements to the property.--------------------------------------------

----NINETEENTH:  The structure that is to be improved is described in the following manner:  Shack destined for the raising of Lydia breed fowl. It measures twenty-six feet in width by sixty feet in length.  Built in columns of wood and zinc roof divided into two foot sections in width by four feet in length.

TWENTIETH:      In like manner, this instrument guarantees the rescue or recovery of any credit for interest or subsidy that may be granted to the borrowers by the Government in accordance to the provisions of Title 42 of the United States Code, Section 1490-A, (42 U.S.C. 1490-A).-------------------------

----The grantors accept the present document such and as it is drafted due to finding it in conformity to what was agreed upon.-------------------------------------

----I, the Notary, stated to the grantors the relevant legal warnings and exceptions.---------------------------------------------------------------------------------

----That is how it is so stated and executed by the ones appearing before me

and without the appearance of witnesses due to not having so requested it by the grantors or by the attesting Notary.------------------------------------------------

----I read the present deed to the grantors, I warned them about the right which they had to do so by themselves which they waived, they state that they are well informed about its contents, they ratify themselves as to the same and sign it.----------------------------------------------------------------------------------------

----AND WITH REGARD TO EVERYTHING THAT IS CONTAINED in this Public Instrument and of having attached and cancelled the corresponding Internal Revenue stamps and the Notarial fee stamp from the Puerto Rico Bar Association, I, the Notary, GIVE FAITH.----------------------------------------------

SIGNED: JOSEFINA  RIVERA  COLON as legal guardian of MISTER  LUIS A.  RIVERA IRIZARRY and prior to his stamp. Notary's mark and paraph SIGNED: LEONIDES  GRAULAU QUIÑONES, NOTARY PUBLIC.--------------

(Stamped :  The initials of the grantors and the paraph of the Notary appear on the margin of every page.  Signed, with the Notary's mark on it, stamped and paraphed by the subscribing Notary. [The corresponding internal revenue stamps and those of the notarial fee have been cancelled.]

I  CERTIFY: That this is the first faithful and exact copy of its original which appears in my protocol under the indicated number and date and to hand over to interested party I issue it on the same date as that of its execution.)

Note:  There's a .25 cent notarial fee stamp, stamped as cancelled, the stamp of the Notary with his signature on top of it and the stamp of the Puerto Rico Property Registry, Utuado section.

Handwritten note:


Registered on page 225 of book 373  of Utuado, 9th registration; property number 10,696.   Encumbered with mortgage for $10,000.00 in favor of the bearer and to the one (illegible) this document.

Utuado, Puerto Rico, on July 15, 1980.


Doris M. de Figueroa
Registrar    DMF

Without fees.

Bearer's note of  $10,000.00 has been cancelled by deed # 117 of 9/19/80 by Attorney L. Graulau.

W. Cortés

Stamped with the seal of the Puerto Rico Property Registry, Utuado section.

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerley*
PATRICIA BECKERLEY
Certified Court Interpreter/Translator

Forma FmHA 427-1 PR
10/77

---------------------------- NUMERO **OCHENTA Y TRES**-------- ----

------------------HIPOTECA VOLUNTARIA-------------

En **Utuado, Puerto Rico, hoy a catorde julio de mil--**

**novecientos ochenta.**------

----------------------- ANTE MI--------------------------

--------------**LEONIDES GRAULAU QUIÑONES**-------------

Abogado y Notario Público de esta Isla con residencia y vecindad en

**Utuado, Puerto Rico**-------- y oficina en **la calle doctor-**

**Cueto número ciento siete de Utuado, Puerto Rico.**----

------------------------- COMPARECEN ----------------

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca
denominados de aquí en adelante el "deudor hipotecario" y cuyas
circunstancias personales aparecen de dicho párrafo.--------------

Doy fe del conocimiento personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad. ------------------

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre
administración de sus bienes y teniendo a mi juicio la capacidad legal
necesaria para este otorgamiento.------------------------

------------------------ EXPONEN ------------------

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el párrafo UNDECIMO así como de todos los derechos e intereses en las
mismas, denominada de aquí en adelante "los bienes".--------------

SEGUNDO: Que los bienes aquí hipotecados están afectos a los
gravámenes que se especifican en el párrafo UNDECIMO.-------------

TERCERO: Que el deudor hipotecario viene obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré", sean uno o
más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avaluos (impuestos), primas de

FORMA FmHA 427-1 PR

1

Forma FmHA-427-1 PR
10/77

6

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento, ————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. ————————————

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. ————————————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.————————————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del **cinco**——————— por ciento ( **5**——— %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.————————————
(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. --------------------

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. --------------------

SÉPTIMO: Para que sirva de tipo a la primera subasta que deberá celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de **TRES MIL QUINIENTOS DOLARES**-------- **($3,500.00).**

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. --------------------

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré: -------- **TRES MIL QUINIENTOS**-------------------- DOLARES ($ 3,500.00 ) el principal de dicho pagaré, con sus intereses según estipulados a razón del **cinco**-------------------- por ciento (5 %) anual;--------------

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado: --------------------
(A) **TRES MIL QUINIENTOS**-------------------- -------------------- DOLARES ($ 3,500.00 )



—9—

Forma FmHA-427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero; ————————————————

(B) CINCO MIL DOSCIENTAS CINCUENTAS————

DOLARES ($ 5,250.00)

para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; ————————————————

Tres. En cualquier caso y en todo tiempo: ————————————————

MIL CUATROCIENTOS————

DOLARES ($ 1,400.00)

para intereses después de mora; ————————————————

(B) SETECIENTOS————

DOLARES ($ 700.00)

para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero; ————————————————

(C) TRESCIENTOS CINCUENTA————

DOLARES ($ 350.00)

para costas, gastos y honorarios de abogado en caso de ejecución; ————

(D) TRESCIENTOS CINCUENTA————

DOLARES ($ 350.00)

para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece. ————————————————

DECIMO: Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO de esta hipoteca es (son) descrito(s) como sigue: ————————

———Pagaré otorgado en el caso número sesenta y tres-guión quince guión ciento dieciocho, guiónveinticuatro guión cero doscientos treinta (63-15-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) fechado el día catorce———— de julio de mil novecientos ochenta,————————————————

————————————————————————————

————————————————————————————

Agricultura

—10—

Forma FmHA 427-1 PR
10/77

por la suma de **TRES MIL QUINIENTOS ($3,500.00)**——————

——————— dólares de principal más intereses sobre el balance del principal

adeudado a razón del **cinco**————————————————

——————— ( **5 %** ) por ciento anual, hasta tanto su principal sea

totalmente satisfecho según los términos, plazos, condiciones y estipulaciones

contenidas en dicho pagaré y según acordados y convenidos entre el

Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí

representada, de no haber sido satisfecho con anterioridad, vencerá y será

pagadero a los **veinte (20)**——————— años de la fecha de este pagaré.

Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido

por el Gobierno al Prestatario de conformidad con la Ley del Congreso

de los Estados Unidos de América denominada "Consolidated Farm and

Rural Development Act of 1961" o de conformidad con el "Title V of

the Housing Act of 1949", según han sido enmendadas y está sujeto a los

presentes reglamentos de la Administración de Hogares de Agricultores

y a los futuros reglamentos no inconsistentes con dicha Ley . De cuya

descripción, yo, el Notario Autorizante, DOY FE. ————————————

UNDECIMO: Que la propiedad objeto de la presente escritura y sobre la que

se constituye Hipoteca Voluntaria, se describe como sigue: ——————————

——RUSTICA: Radicada en el Barrio Río Abajo del tér-
mino municipal de Utuado, Puerto Rico, compuesta-
de SEIS CUERDAS, equivalentes a dos hectáreas,——
treinta y cinco áreas y ochenta centiáreas y cua-
renta miliáreas, con las siguientes colindancias:
al Norte, con la Sucesión de Manuel Cortés; por-
el Sur, con Francisco Salas y Juan Torres antes,-
hoy Alfonso Díaz Maldonado y Modesto Torres; por-
el Este, con Belén Marrero y por el Oeste, con la-
parcela número tres.——

——Inscrita al folio doscientos dieciocho vuelto-
del tomo doscientos sesenticuatro de Utuado, finca
número diez mil seiscientos noventa y seis, ins——
cripción sexta.——

————————————————————————————————————————

————————————————————————————————————————

————————————————————————————————————————

————————————————————————————————————————

————————————————————————————————————————

————————————————————————————————————————

————————————————————————————————————————

Adquirió el prestatario la descrita finca por compra a Francisco Pagán según consta de la escritura número sesenta y dos de fecha veinte de octubre de mil novecientos setenta y uno, otorgada en la ciudad de Utuado, Puerto Rico, ante el Notario Público Rafael J. Baragaño.

—Dicha propiedad se encuentra gravada con una hipoteca por la suma de DIEZ MIL DOLARES ($10,000.00) garantizando un Pagaré al Portador de fecha ocho de diciembre de mil novecientos setenta y seis y el cual vence a la presentación.

—UNDECIMO: Que comparece en la presente escritura como Deudor Hipotecario Doña Josefina Rivera Colón, mayor de edad, casada con Don Luis A. Rivera Irizarry propietaria y vecina de Utuado, Puerto Rico, por sí, en representación y como tutora legal de su esposo Don Luis A. Rivera Irizarry, mayor de edad, casado con Doña Josefina Rivera Colón, propietario y vecino de Utuado, Puerto Rico, a tenor con resolución dictada por el Honorable Juez José A. Annoni Matos, del Tribunal Superior de Puerto Rico, Sala de Utuado, en el Caso Civil Número TS guión ochenta guión mil doscientos treinta y dos (TS-80-1232) el día once de julio de mil novecientos ochenta cuya dirección postal es Bo. Sabana Grande, Utuado, Puerto Rico.

—DECIMO TERCERO: El importe del préstamo aquí consignado se usó o será usado para fines agrícolas y la construcción y/o reparación y/o mejoras de las instalaciones físicas en la finca descrita.

—DECIMO CUARTO: El prestatario ocupará personalmente y usará cualquier estructura que haya sido construida mejorada o comprada con el importe del préstamo aquí garantizado y no arrendará o usará para otros fines dicha estructura a menos que el Gobierno lo consienta



violación de cualquiera otro convenio o cláusula——
aquí contenida ocasionará el vencimiento de la obli-
gación como si todo el término hubiese transcurrido
y en aptitud el Gobierno de declarar vencido o paga-
dero el préstamo y proceder a la ejecución de la hi-
poteca.————————————————————————————————
——DECIMO QUINTO: Esta hipoteca se extiende expresa-
mente a toda construcción o edificación existente en
la finca antes,——

Forma FmHA 427-1PR
10/77

descrita(s) y a toda mejora, construcción o edificación que
se construya en dicha finca(s) durante la vigencia del ------
préstamo hipotecario constituido a favor del Gobierno, veri-
ficada por los actuales dueños deudores o por sus cesionarios
o causahabientes.

DECIMO SEXTO:  El deudor hipotecario por la presente-------
renuncia mancomunada y solidariamente por sí y a nombre de--
sus herederos causahabientes, sucesores o representantes a--
favor del acreedor (Administración de Hogares de -----------
Agricultores), cualquier derecho de Hogar Seguro (Homestead)
que en el presente o en el futuro pudiera tener en la ------
propiedad descrita en el párrafo undécimo y en los edificios
allí enclavados o que en el futuro fueran construídos; -----
renuncia esta permitida a favor de la Administración de ----
Hogares de Agricultores por la Ley Número trece (13) del ---
veintiocho (28) de mayo de mil novecientos sesenta y nueve--
(1969) (31 L.P.R.A. 1851).----------------------------------

DECIMO SEPTIMO:  El acreedor y el deudor hipotecario -------
convienen en que cualquier estufa, horno, calentador compra-
do o financiado total o parcialmente con fondos del préstamo
aquí garantizado, se considerará e interpretará como parte--
de la propiedad gravada por esta Hipoteca.------------------

--DECIMO OCTAVO: Los fondos de este préstamo serán---
utilizados para la reparación de un edificio y mejo-
ras a la finca.--------------------------------------

--DECIMO NOVENO: La estructura a mejorarse describe-
de la siguiente manera: Rancho destinado a la crian-
za de aves de raza de lidia. Mide veintiseis pies de
ancho por sesenta pies de largo. Construído en colum
nas de madera y techo de zinc dividido en secciones-
de dos pies de ancho por cuatro pies de largo.-------
-----------------------------------------------------
-----------------------------------------------------

--VIGESIMO: Este instrumento garantiza asimismo el---

13



rescate o recuperación de cualquier crédito por in-
tereses o subsidio que pueda otorgarse a los presta
tarios por el Gobierno de acuerdo con las disposi-
ciones del Título 42 del Código de los Estados Uni-
dos, Sección 1490-A, (42 U.S.C. 1490-A).————————

—Los otorgantes aceptan el presente documento tal y
como está redactado por encontrarlo conforme a lo—
convenido.——

—Yo, El Notario, hice a los otorgantes las reservas
y advertencias legales pertinentes.———————————

—Así lo dicen y otorgan los comparecientes ante mí
y sin la comparecencia de testigos por no haberlo so
licitado así los otorgantes ni el Notario Fedante.—

—Leí la presente escritura a los otorgantes, les——
advertí del derecho que tienen de hacerlo por sí al—
cual renunciaron, manifiestan quedar bien enterados-
de su contenido, en el mismo se ratifican y firman.—

—Y DE TODO LO CONTENIDO en este Instrumento Público
y de quedar adheridos y cancelados los sellos corres
pondientes de Rentas Internas y el sello del Impues-
to Notarial del Colegio de Abogados de Puerto Rico,-
Yo, El Notario, DOY FE.————————————————————

FIRMADOS: JOSEFINA RIVERA COLON como tutora legal de
DON LUIS A. RIVERA IRIZARRY y previo su sello, signo—
y rúbrica FIRMADO: LEONIDES GRAULAU QUIÑONES, NOTARIO
PUBLICO.—

Aparecen las iniciales de los otorgantes y la rúbrica
del notario al margen de cada página   Firmado,
signado, sellado y rubricado por el notario que sus-
cribe,   (Cancelados los correspondientes sellos de
rentas internas e impuesto notarial).
CERTIFICO: Que ésta es primera copia fiel y
exacta de su original que obra en mi protocolo bajo
el número y fecha indicados y para entregar a parte
interesada la expido en la misma fecha de su otor-
gamiento.

Inscrito al *folio.* 225 del
tomo. 373 de Utuado. inscs. 9a.;
finca #10,696. Afecta a la hi—
poteca— por $10,000.00 a favor
del presentado Sal— *que* *se* can—
cela *este* documen— *do* está—
lo, *fecho* Utuado a 18 de *julio*
de 1980.

Dora M. de Figueroa
*Registradora Sustituta*

Bearer's note of $10,000
has been cancelled by
deed # 117 of 9/19/80
by attorney L. Crculan
M. Cortes

Exhibit 5

# TITLE SEARCH

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

**CLIENT: JANICE LILI RIVERA RIVERA**      **REF: 1521.216**
                                            **BY: TAIMARY ESCALONA**

**PROPERTY NUMBER:** 10,696, recorded at page 215 of volume 264 of Utuado, Registry of the Property of Utuado, Puerto Rico.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Radicada en el barrio Río Abajo del término municipal de Utuado compuesta de **seis cuerdas de terreno equivalentes a dos hectáreas, treinta y cinco áreas, ochenta centiáreas y cuarenta miliáreas**, con las siguientes colindancias: por el **NORTE**, con la Sucesión de Manuel Cortés; por el **SUR**, Sucesión de Francisco Salas y Juan Torres antes, hoy Alfonzo Díaz Maldonado y Modesto Torres; al **ESTE**, Belén Marrero; y por el **OESTE**, con la parcela número tres.

**ORIGIN:**

It is formed by aggrupation of property numbers 6,893, 8,045 recorded at pages 89, 138, volumes 162, 191 of Utuado, respectively.

**TITLE:**

This property is registered as follows:

Janice Lili Rivera Rivera; Carlos Alberto Rivera Rivera; Nilsa Rivera Cortés; Iván Rivera De Jesús; Luis Alberto Rivera De Jesús; Peter Rivera Rivera; Enid Rivera Cabañas; Linda Rivera De Jesús; Luis Gilberto Rivera Rivera; Clarixa Rivera Rivera; Carolyn Rivera Rivera, acquired 1/3 part (one third legitime) and Janice Lili Rivera Rivera; Carlos Alberto Rivera Rivera, acquired 2/3 part (one third bequest in permanent improvement and one third freely available), by inheritance tested in olographic will of Luis A. Rivera, with a value of $15,000.00, executed in Utuado, Puerto Rico, on August 7, 1988 (3:00 pm), registration by Judicial Order Non Pro Tunc, executed in the Superior Court of Utuado, civil case #CS89-1172, recorded at page 230 of volume 373 of Utuado, property number 10,696, 12th and last inscription.

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is free of liens and encumbrances

II.  By reason of itself this property is encumbered by the following:

1.   **MORTGAGE:** Constituted by Luis A. Rivera y Josefina Rivera, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $3,500.00, with 5% annual interests, due on 20 years, constituted by deed #33, executed in Utuado, Puerto Rico, on July 14, 1980, before Leonides Graulau Quiñones Notary Public, recorded at page 225 of volume 373 of Utuado, property number 10,696, 9th inscription.

2.   **MORTGAGE:** Constituted by Luis A. Rivera y Josefina Rivera, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $9,500.00, with 11% annual interests, due on 20 years, constituted by deed #34, executed in Utuado, Puerto Rico, on July 14, 1980, before Leonides Graulau Quiñones Notary Public, recorded at overleaf of page 226 of volume 373 of Utuado, property number 10,696, 10th inscription.

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

PAGE #2
PROPERTY #10,696

**OBSERVATION:**

1. **FEDERAL TAX LIEN:** Recorded at entry 2016-004589-FED, Karibe System, filed on May 5, 2016, notification number 209885416, against Carlos Rivera & Sonia Saavedra, Social Security number xxx-xx-0609, in the amount of $61,208.75. **There is no warranty about the identity of the owner and the foreclosure subject being the same person.**

2. **FEDERAL TAX LIEN:** Recorded at entry 2018-007485-FED, Karibe System, filed on September 18, 2018, notification number 321677418, against Carlos Rivera Rivera, Social Security number xxx-xx-3811, in the amount of $23,930.78. **There is no warranty about the identity of the owner and the foreclosure subject being the same person.**

3. **FEDERAL TAX LIEN:** Recorded at entry 2018-011045-FED, Karibe System, filed on December 12, 2018, notification number 321677418, against Carlos Rivera Rivera, Social Security number xxx-xx-3811, in the amount of $1,976.33. **There is no warranty about the identity of the owner and the foreclosure subject being the same person.**

4. **FEDERAL TAX LIEN:** Recorded at entry 2019-007374-FED, Karibe System, filed on August 19, 2019, notification number 321677418, against Carlos Rivera Rivera, Social Security number xxx-xx-3811, in the amount of $1,320.75. **There is no warranty about the identity of the owner and the foreclosure subject being the same person.**

5. **FEDERAL TAX LIEN:** Recorded at entry 2019-007840-FED, filed on September 11, 2019, notification number 371088019, against Luis A. Rivera, Social Security number 4549, in the amount of $5,568.81. **There is no warranty about the identity of the owner and the foreclosure subject being the same person.**

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to November 27th, 2019.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

*EAGLE TITLE AND OTHER SERVICES, INC.*

*Authorized signature*

mcr/dm/**F**

Eagle Title & Other Services, Inc.

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on November 27th, 2019, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this __28__ day of __October__ of ~~2019~~ 2020.

_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4,347

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this __28__ day of __October__ of 2019.

FmHA Form 1940-17(S) (Rev. 11-1-, d)

## DEPARTMENT OF AGRICULTURE OF THE UNITED STATES
### FARMERS HOME ADMINISTRATION

PROMISSORY NOTE

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

| | |
|---|---|
| **Name**<br>RIVERA IRIZARRY, LUIS A. | **TYPE OF LOAN**<br>Type: __EM M-597__<br>In accordance to:<br>[ ] Consolidated Farm & Rural Development Act<br>[ X] Emergency Agricultural Credit Adjustment Act of 1978 |

| | | |
|---|---|---|
| **Name**<br>RIVERA IRIZARRY, LUIS A. | | **ACTION REQUIRING PROMISSORY NOTE**<br>[ ] Initial Loan       [ ] New Payment Plan |
| **State**<br>PUERTO RICO | **Office**<br>UTUADO | [ ] Subsequent Loan       [ ] Reamortization |
| | | [ ] Consolidation and       [ ] Credit Sale<br>    subsequent loan |
| **Case Number**<br>63-15-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 | **Date**<br>July 14, 1980 | [ ] Consolidation       [ ] Deferred Payments |

FOR VALUE RECEIVED, the subscribing Borrower and any other co-debtor, severally and jointly, we shall pay to the order of the United States of America, acting through the Farmers Home Administration of the Department of Agriculture of the United States (henceforth referred to as the "Government") or its cessionnaire at its office in __UTUADO, PUERTO RICO-__ or at any other place designated by the Government in writing, the principal sum of __NINE THOUSAND FIVE HUNDRED AND 00/100__ — dollars ($9,500.00) plus interest on the principal owed at__ELEVEN PERCENT (11% )__ annually. If this promissory note is for a Limited Resources loan (indicated in the superior clause "Type of Loan"), the Government may CHANGE THE PERCENTAGE OF INTEREST, in accordance to the regulation of the Farmers Home Administration, not more frequently than every trimester, notifying the Borrower in writing with thirty (30) days of advance notice at his last address. The new interest rate must not exceed the highest interest rate established in the regulations in the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in  -EIGHT-  Installments, as indicated below, except if modified by a different interest rate, on or before the following dates:

$_____600.00_____ on January 1, 1981;   $_____ on January 1, 19;

$_____ on January 1, 19;   $_____ on January 1, 19 ;

$_____ on January 1, 19 ;   $_____ on January 1, 19 ;

$_____ on January 1, 19 ;   $_____ on January 1, 19 ;

$_____ on January 1, 19 ;   $_____ on January 1, 19 ;
and $ 1,194.00 __, subsequently on January 1 of each year until the principal and interest have been completely paid off except that the final installment of the debt evidenced herein, is not previously paid, shall be due and payable within __-TWENTY-__ years of the date of this promissory note and except that payments could be made in advance as stated further on. The consideration involved herein shall back any agreement modifying the payment plan.

If the total amount of the loan is not advance as of the date of the closing, the loan may be advanced to the Borrower as requested by the Borrower and approved by the Government. The approval of the Government shall be given as long as the advance is requested for a purpose authorized by the Government. Interest shall be accrued for the amount of each advance payment from its present date as is shown in the Registry of Advance Payments at the end of this promissory note. The Borrower authorizes the Government to write down the amounts and dates of such advance payments in the Registry of Advance Payments.

In each reamortized or consolidated promissory note, or with the new payment plan, the interest accrued as of the date of this instrument must be added to the principal and that new principal shall accrue interest at the rate of the percentage evidenced by this instrument.

Any payment made in any debt represented by this promissory note shall first be applied to interest calculated as of the effective date of the payment and afterwards to the principal.

Jay-Ce-Agriculture                          Position 2                          (Rev. 11-1-78)

Payments made in advance of the stipulated installments or of any part of the same, may be made at any time at the option of the Borrower.  Reimbursements and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, in accordance to the source of the funds involved, after paying the interest, shall be applied to the last installments to be due under this promissory note and will not affect the obligation of the Borrower to pay the remaining installments as is specified in the same.  If the Government at any time were to cede this promissory note and ensure the payment of the same, the Borrower shall continue making the payments to the Government as the collecting agent for the holder.

While this promissory note is in the power of an insured Borrower, the advance payments made by the Borrower may, at the option of the Government, be forwarded by the Government promptly to the holder, or, with the exception of the final payment, they may be withheld by the Government and forwarded to the holder on the basis of the annual installment due.  The effective date of any payment made by the Borrower, except payments which have been withheld and forwarded by the Government to the holder on the basis of the annual installment due shall be the date of the check from the Treasury of the United States by means of which the Government forwards the payment to the holder.  The effective date of any advance payment withheld and forwarded by the Government to the  holder on the basis of annual installment due, shall be the date of the payment advanced by the Borrower and the Government shall pay the interest at which the holder is entitled to be accrued between the effective date of any of said advance payments and the date of the check of the Treasury forwarded to the holder.

Any amount advanced or invested by the Government for the collection of this promissory note or to preserve or protect the guaranty of the loan or in another manner invested under the terms of any guaranty agreement or other instrument executed with regard to the loan evidenced herein, at the option of the Government, may go on to become part of the loan and shall accrue interest at the same rate of interest as that of the principal of the debt evidenced herein and shall be due and payable immediately by the Borrower to the Government without the need for requirement.

The property built, improved, purchased or refinanced in total or in part with the loan evidenced herein shall not be leased, ceded, sold, transferred or encumbered voluntarily or in another form, without the prior consent in writing on the part of the Government.  Unless the Government consents to the contrary in writing, the Borrower shall personally operate said property as a farm if this loan is to a farm owner (FO).

If a "Consolidation and a Subsequent Loan", "Consolidation", "Reamortization", or a "New Payment Plan" is indicated in the top clause of the first page, "Action Requiring Promissory Note", this promissory note is executed to consolidate, reamortize or evidence a new payment plan but not in satisfaction of the principal and interest of the following promissory notes or subrogation agreement(s) (new terms).

| VALUE OF THE PROMISSORY NOTE | INTEREST | DATE | ORIGINAL BORROWER | LAST INSTALLMENT DUE |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

The guaranty documents taken with regard to the loans evidenced by these promissory notes described or other related obligations are not affected by the granting of this consolidation, reamortization or new payment. Plan.  These guaranty instruments shall continue in effect and the guaranty offered for the loans evidenced by the promissory notes described shall remain as guaranty for the loan evidenced by this promissory note and by any other related obligation.

REFINANCING AGREEMENT: If at any moment the Government were to determine that the Borrower may obtain a loan from a responsible credit union or another private source of credit at a reasonable rate of interest and terms for loans for similar time and conditions, the Borrower, at the request of the Government, shall request and accept the loan in a sufficient amount to satisfy this promissory note in its entirety and pay the necessary shares if the lender is a cooperative.

BREACH:  The lack of payment upon its due date regarding any debt evidenced herein or the breach of any condition or agreement under this document shall constitute breach  under any other instrument evidencing a debt of the Borrower insured or guaranteed by the Government or in any other form related to said debt; the breach under any other said instrument shall constitute breach  under the terms of this document.  ANY BREACH THAT IS COMMITTED,  the Government, at its option, may declare all or part of said debt due and immediately payable.

This Promissory Note is executed as evidence of a loan granted to the Borrower or insured by the Government in accordance to the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the box "TYPE OF LOAN" further up. This Promissory Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the stipulations consigned herein.

Presentation, protest and notice are by means of the present document expressly waived.

(SIGNATURE)

_____

Josefina Rivera Colón – By herself,  (Borrower)
in representation and as legal guardian for her
husband, Luis A. Rivera Irizarry

_____

(Borrower)

P.O. Box  792 _____

Utuado, P.R.  00761 _____

_____

> Administrative Office of the
> United States Courts
> **CERTIFIED TRANSLATION**
> I certify that the foregoing is a true and
> faithful translation of its original.
>
> *Patricia Beckerleg*
> PATRICIA BECKERLEG
> Certified Court Interpreter/Translator

| REGISTRY OF ADVANCE PAYMENTS | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $ 9,500.00 | 07-14-80 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 9,500.00 | |

Jay-Ce-Agriculture                    Position 2                    Form FmHA 1940 17-(S)
                                                                    (Rev. 11-1-78)

Forma FmHA 1940-17 (S)
(Rev. 11-1-78).

DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS
ADMINISTRACION DE HOGARES DE AGRICULTORES

**PAGARE**

| CLASE DE PRESTAMO |
|---|
| Tipo: ___EM M-597___ |
| De acuerdo a: |
| ☐ Consolidated Farm & Rural Development Act |
| ☒ Emergency Agricultural Credit Adjustment Act of 1978 |

| Nombre RIVERA IRIZARRY, Luis A. |
|---|

| Estado PUERTO RICO | Oficina UTUADO |
|---|---|

| Caso Núm. 63-15-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 | Fecha 14 de julio de 1980 |
|---|---|

**ACCION QUE REQUIERE PAGARE:**

☐ Préstamo Inicial          ☐ Nuevo Plan de Pago
☐ Préstamo Subsiguiente     ☐ Reamortización
☐ Consolidación y préstamo  ☐ Venta a Crédito
   subsiguiente         ☐ Pagos Diferidos
☐ Consolidación

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su cesionario en su oficina en _– – – UTUADO, PUERTO RICO – – – – – – –_ o en otro sitio designado por el Gobierno por escrito, la suma principal de _– – – NUEVE MIL QUINIENTOS CON – – – – – –   00/100_ dólares ($ _9,500.00_ ) más intereses sobre el principal adeudado al _– – ONCE – – – –_ **POR CIENTO ( 11 %)** anual. Si este pagaré es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede **CAMBIAR EL PORCIENTO DE INTERES**, de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en _____ plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

$ _600.00_ en enero 1, 1981;    $ _____ en enero 1, 19 ;
$ _____ en enero 1, 19 ;    $ _____ en enero 1, 19 ;
$ _____ en enero 1, 19 ;    $ _____ en enero 1, 19 ;
$ _____ en enero 1, 19 ;    $ _____ en enero 1, 19 ;
y $ _1,194.00_ en enero 1, 19 ;    $ _____ 'en enero 1, 19 ; , subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en _VEINTE_ años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Jay-Ce–Agricultura          *Posición 2*          Forma FmHA 1940-17 (S)
                                                           (Rev. 11-1-78)

Pagos adelantados de los plazos estipulados o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de'los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos,a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en el mismo. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el prestatario continuará haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente por el Prestatario al Gobierno sin necesidad de requerimiento.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este préstamo es a dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente", "Consolidación", "Reamortización" o un "Nuevo Plan de Pago" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar un nuevo plan de pago pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| VALOR DEL PAGARÉ | INTERESES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o nuevo plan de pago. Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciado por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

CONVENIO DE REFINANCIAMIENTO: Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; el incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. COMETIDO CUALQUIER INCUMPLIMIENTO, el Gobierno, a su opción, podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado **"CLASE DE PRESTAMO"** más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

Josefina Rivera Colón – Por sí, *(Prestatario)* en representación y como tutora legal de su esposo, Luis A. Rivera Irizarry

_____
*(Prestatario)*

P.O. Box 792
_____

Utuado, P.R.   00761
_____

_____

## CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married and resident of Guayama, Puerto Ríco. In my official capacity as State Executive Director of the Farm Service Agency, U.S. Department of Agriculture, hereby declare under penalty of perjury that this is a true and exact copy of the original document which I have under my custody.

San Juan, Puerto Rico

_____
Juan M. Ortiz Serbiá
State Executive Director

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $ 9,500.00 | 07-14-80 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 9,500.00 | |

Jay-Ce-Agricultura

*Posición 2*

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

FmHA Form 427-1 PR
10/77

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.
*Patricia Beckerley*
PATRICIA BECKERLEY
Certified Court Interpreter/Translator

## NUMBER EIGHTY-FOUR

## VOLUNTARY MORTGAGE

In Utuado, Puerto Rico, today, July fourteen of one thousand nine hundred eighty.------------------------------------------------------------------------
-------------------------------BEFORE  ME--------------------------------
----------------------------LEONIDES  GRAULAU  QUIÑONES--------------------------
Attorney and Notary Public of this island with residence and domicile in Utuado, Puerto Rico and office at Number One Hundred Seven Doctor Cueto Street of Utuado, Puerto Rico.------------------------------------------------------------

(Note:  Stamped with the seal of the Puerto Rico Property Registry, Utuado section and that of Leonides Graulau Quiñones, Attorney-Notary).

### APPEARING

The persons named in the TWELFTH paragraph of this mortgage henceforth referred to as the "mortgage debtor" and whose personal circumstances appear from said paragraph.

I give faith of the personal knowledge of the ones appearing herein, as well as on the basis of their statements regarding their age, civil status, occupation and domicile.

They assure me of being in the full enjoyment of their civil rights, the free administration of their goods and in my judgment, they have the necessary

legal capacity for this execution.

## STATE

FIRST:    The mortgage debtor is the owner of the property or properties described in the ELEVENTH paragraph as well as of all the rights and interest in the same, referred to henceforth herein as "the goods".

SECOND:  That the goods mortgaged herein are encumbered by the liens which are specified in the ELEVENTH paragraph.

THIRD:  That the mortgage debtor  has an obligation with regard to the United States of America, acting through the Farmer's Home Administration, henceforth referred to herein as the "mortgage creditor", with regard to a loan or loans evidenced by one or more promissory notes or   subrogation agreement, henceforth referred to as the "promissory note", whether they are one or more.   It is required by the Government that additional monthly payments of one-twelfth of  the taxes, assessments (taxes), insurance

totally paid off, loss suffered by the mortgage creditor as insurer for the promissory note, taxes, insurance premium or any other outlay or advance payment on the part of the  mortgage creditor to the account of the mortgage debtor with its interest until they have paid the mortgage creditor  the costs, expenses and attorney's fees of the mortgage creditor.   Any extension or renewal of said obligations with interest on each and every other charge or additional sum specified in the NINTH paragraph of this document.

SIXTH: The mortgage debtor expressly agrees to the following:

(One)     Pay the mortgage creditor promptly upon its maturity any debt guaranteed herein and indemnify and maintain free from loss the mortgage creditor under the insurance for the payment of the promissory note due to the lack of compliance on the part of the mortgage debtor.  At all times when the promissory note is held by the insured lender, the mortgage debtor shall continue making the payments against said promissory note to the mortgage creditor as collection agent for the holder of the same.

(Two)     To pay the mortgage creditor an initial fee for inspection and appraisal and any charge for arrears required in the present or in the future by the regulations of the Farmer's Home Administration.

(Three)     At all times when the promissory note is held by an insured lender, any sum owed and unpaid under the terms of the promissory note, minus the annual amount or charge, may be paid by the mortgage creditor to the holder of the promissory note under the terms provided in the promissory note and in the insurance endorsement referred to in the preceding FOURTH paragraph to the account of the mortgage debtor.

Any sum due and unpaid under the terms of the promissory note, whether  this

is held by the mortgage creditor or by the insured lender, may be credited by the mortgage creditor toward the promissory note and as a result shall constitute an advance payment on the part of the mortgage creditor to the account of the mortgage debtor.

Any advance on the part of the mortgage creditor such as it is described in this sub-paragraph shall accrue interest at the rate of **eleven** percent (**11%** ) annually from the date when the payment was due up the date when the mortgage debtor pays it.

(Four):    Whether the promissory note was insured by the mortgage creditor or not,

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

his residence pursuant to how it is specified further on.

(Twenty-two) By means of the present document, the mortgage debtor cedes to the mortgage creditor the sum of any judgment obtained by condemnation under sovereign right of eminent domain for public use of the goods or part of them as well as the sum of the judgment for damages caused to the goods. The mortgage creditor shall apply the sum that he receives to the payment of the expenses in which it incurred in its collection and the balance to the payment of the promissory note and any debt to the mortgage creditor guaranteed by this mortgage, and if there were any surplus left, it shall be reimbursed to the mortgage debtor.

SEVENTH: So that it will serve as rate for the first auction that must be held in the event of foreclosure of this mortgage, in conformity to the Mortgage Act, as amended, the mortgage debtor, by means of the present document, appraises the mortgaged goods in the sum of **NINE THOUSAND FIVE HUNDRED DOLLARS ($9,500.00).**-------------------------------------------------------

----------------------------------------------------------------------------------------

EIGHTH: The mortgage debtor, by means of the present document, waives the requirement endeavor and shall be considered in default without the need of any notice whatsoever on the part of the mortgage creditor. This mortgage is subject to the regulations of the Farmer's Home Administration now in effect and to future regulations, not inconsistent with the terms of this mortgage, as well as also subject to the laws of the Congress of the United States of America which authorize the assignment and the insuring of the aforementioned loan.

NINTH: The amounts guaranteed by this mortgage are the following:

One. At all times when the promissory note mentioned in the THIRD paragraph of this mortgage is owned by the mortgage creditor or in the event that the mortgage creditor were to cede this mortgage without insuring the promissory

note:  **NINE THOUSAND FIVE HUNDRED DOLLARS ($9,500.00)** the principal of said promissory note, with its interest as stipulated at the rate of **eleven** percent (**11%**) annually;

Two.  At all times when the promissory note is held  by an insured lender:

(A) **NINE THOUSAND FIVE HUNDRED DOLLARS ($9,500.00)** to indemnify the mortgage creditor for advances to the insured lender due to the lack of compliance of the mortgage debtor of paying the installments as is specified in the promissory note, with interest as specified in the SIXTH paragraph, Third:

(B) **FOURTEEN THOUSAND TWO HUNDRED FIFTY DOLLARS ($14,250.00)** in addition, to indemnify the mortgage creditor against any loss that it may suffer under his insurance for the payment of the promissory note;

Three.  In any case and at all times:

(A)  **THREE THOUSAND EIGHT HUNDRED DOLLARS ($3,800.00)**  for interest after the default;

(B)  **ONE THOUSAND NINE  HUNDRED DOLLARS ($1,900.00)** for taxes, social security and other prepayments for the conservation of this mortgage, with interest at the rate stipulated in the SIXTH paragraph,  Third;

C)  **NINE HUNDRED AND FIFTY DOLLARS ($950.00)**  for costs, expenses and attorney's fees in case of foreclosure;

(D)   **NINE HUNDRED AND FIFTY DOLLARS ($950.00)** for costs and expenses incurred in by the mortgage creditor in proceedings to defend its interest against any person who intervenes or challenges the right of possession of the mortgage debtor to the goods as they are consigned in the SIXTH paragraph, Thirteen.

TENTH:    That the promissory note or notes to which reference is made in the THIRD paragraph of this mortgage is or are described as follows:  Promissory note executed in case number sixty-three dash fifteen dash one hundred

eighteen, dash twenty-four dash zero two hundred thirty (63-15-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) dated July fourteen of one thousand nine hundred eighty, ------------------------

------------------------------------------------------------------------------

------------------------------------------------------------------------------

------------------------------------------------------------------------------

for the sum of **NINE THOUSAND FIVE HUNDRED DOLLARS ($9,500.00)** of principal plus interest on the balance of the principal owed at the rate of **eleven ( 11%)** percent until the principal is totally satisfied according to the terms, installments, conditions and stipulations contained in said promissory note and as agreed and convened upon between the Lender and the Government; except the final payment of the total of the debt represented herein, if it has not been previously satisfied, shall be due and payable within **twenty (20)** years from the date of this promissory note.

Said promissory note has been executed as evidence of a loan granted by the government to the borrower in conformity with the Law from the United States of America Congress entitled Consolidated Farm and Rural Development Act of 1961 or in conformity with Title V of the Housing Act of 1949, pursuant to how they have been amended and is subject to the present regulations of the Farmer's Home Administration and the future Regulations which are not inconsistent with said Law. Of which description, I, the Authorizing Notary, GIVE FAITH.

ELEVENTH: That the property object of the present deed and over which the Voluntary Mortgage is constituted, is described as follows:------------------------

----RURAL: Located in the Río Abajo ward of the municipality of Utuado, Puerto Rico, comprised of SIX " CUERDAS", equivalent to two hectares, thirty-five ares and eighty centiares and forty milliares, with the following boundaries: on the North, with the Succession of Manuel Cortés; on the South, with

Francisco Salas and Juan Torres before, today Alfonso Díaz Maldonado and Modesto Torres; on the East, with Belén Marrero and on the West, with lot number three.———————————————————————————————

——Registered on the back side of page two hundred eighteen of book two hundred sixty-four of Utuado, property number ten thousand six hundred ninety-six, sixth registration.——————————————————————————

—————————————————————————————————————————————

—————————————————————————————————————————————

—————————————————————————————————————————————

The borrower acqui (sic), I say, acquired the described property through purchase from Francisco Pagán as stated by deed number sixty-two dated October twenty  of one thousand nine hundred seventy-one, executed in the city of Utuado, Puerto Rico, before Notary Public Rafael J. Baragaño.—————
Said property is encumbered with a mortgage for the sum of TEN THOUSAND DOLLARS ($10,000.00) guaranteeing a Bearer Note dated December eight of one thousand nine hundred seventy-six and which is due upon presentation.———
TWELFTH: That there appear in the present deed as Mortgage Debtor Mistress Josefina Rivera Colón, of legal age, married to Mister Luis A. Rivera Irizarry, property owner and resident of Utuado, Puerto Rico, by herself in representation of and as legal guardian of her husband Mister Luis A. Rivera Irizarry, of legal age, married to Mistress Josefina Rivera Colón, property owner and resident of Utuado, Puerto Rico, in accordance to resolution entered by the Honorable Judge José A. Annoni Matos, of the Superior Court of Puerto Rico, Utuado section, in Civil Case Number TS dash eighty dash one thousand two

hundred thirty-two ——————————————————————————————————————————

on July eleven of one  thousand nine hundred eighty: - whose postal address

is: Sabana Grande ward, Utuado, Puerto Rico.————————————————————————

THIRTEENTH:    The sum of the loan consigned herein was used or shall be

used for agricultural purposes and for the construction and/or repair and/or

improvements of the physical installations on the property described herein.

FOURTEENTH:   The borrowers shall personally occupy and use any structure

which has been built, improved or purchased with the sum of the loan

guaranteed herein and shall not lease and use for other purposes said

structure unless the Government consents to it in writing.  The violation of this

clause, like the violation of any other covenant or clause contained herein, shall

bring about the maturity of the obligation as if the entire term had elapsed and

in attitude the Government were to declare the loan due or payable and

proceed to the foreclosure of the mortgage.

FIFTEENTH:      This mortgage is expressly extended to any existing

construction or building on the property described above and to any

improvement, construction or building which is built on said property during the

effective period of the mortgage loan constituted in favor of the Government,

verified by the present debtor owners or by their cessionnaires or assigns.

SIXTEENTH:      By means of the present document, the Mortgage Debtors,

waive, severally and jointly  by themselves and in the name of their heirs,

successors, assigns or representatives, in favor of the creditor  (Farmer's

Home Administration), any Homestead right which in the present or in the

future they could have with regard to the property described in the eleventh

paragraph and the buildings located therein or which were to be built in the future;  this is allowed in favor of the Farmer's Home Administration by Act Number thirteen (13) of May twenty-eight (28) of one thousand nine hundred sixty-nine (1969) (31 L.P.R.A. 1851).

SEVENTEENTH:     The mortgage creditor and debtor agree that any stove, oven and heater purchased or financed entirely or partially with funds from the loan guaranteed herein, shall be considered and construed as part of the property encumbered by this Mortgage.

EIGHTEENTH:     The funds from this loan shall be utilized to rehabilitate the farm and pay debt to the Banco Popular de Puerto Rico.——————————————

NINETEENTH:     In like manner, this instrument guarantees the rescue or recovery of any credit for interest or subsidy that may be granted to the borrowers by the Government in accordance to the provisions of Title 42 of the United States Code, Section 1490-A, (42 U.S.C. 1490-A).——————————

----The grantors accept the present document such and as it is drafted due to finding it in conformity to what was agreed upon.——————————————

----I, the Notary, stated to the grantors the relevant legal warnings and exceptions.————————————————————————————————

----That is how it is so stated and executed by the ones appearing before me and without the appearance of witnesses due to not having so requested it by the grantors or by the attesting Notary.————————————————

----I read the present deed to the grantors, I warned them about the right which they had to do so by themselves which they waived, they state that they are

well informed about its contents, they ratify themselves as to the same and sign it.------------------------------------------------------------------------------------------

----AND WITH REGARD TO EVERYTHING THAT IS CONTAINED in this Public Instrument and of having attached and cancelled the corresponding Internal Revenue stamps and the Notarial fee stamp from the Puerto Rico Bar Association, I, the Notary, GIVE FAITH.------------------------------------------------------

SIGNED: JOSEFINA  RIVERA  COLON as legal guardian of MISTER  LUIS A.  RIVERA IRIZARRY and prior to his stamp. Notary's mark and paraph SIGNED: LEONIDES  GRAULAU QUIÑONES, NOTARY PUBLIC.---------------

(Stamped :  The initials of the grantors and the paraph of the Notary appear on the margin of every page.  Signed, with the Notary's mark on it, stamped and paraphed  by  the  subscribing  Notary. [The  corresponding  internal  revenue stamps and those of the notarial fee have been cancelled.]

I  CERTIFY:  That this is the first faithful and exact copy of its original which appears in my protocol under the indicated number and date and to hand over to interested party I issue it on the same date as that of its execution.)

Note:  There's a $1.00  notarial fee stamp, stamped as cancelled, number # A 076615,  the stamp of the Notary with his signature on top of it and the stamp of the Puerto Rico Property Registry, Utuado section.

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

Handwritten note:


Registered on the back side of page 226 of book 373  of Utuado, 10th registration; property number 10,696.    Encumbered with mortgage for $10,000.00 in favor of the bearer  to a mortgage for $3,500.00 in favor of the United States of America and the one that was comprised by this document.

Utuado, Puerto Rico, on July 15, 1980.


Doris M. de Figueroa
Registrar    DMF

Without fees.

Bearer's note of  $10,000.00 has been cancelled by deed # 117 of 9/19/80 by

Attorney L. Graulau.              9/24/80
                                  W. Cortés

Stamped with the seal of the Puerto Rico Property Registry, Utuado section.

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

Forma FmHA 427-1 PR
10/77

-------------------NUMERO OCHENTA Y CUATRO-------

-------------HIPOTECA VOLUNTARIA-----------------

En Utuado, Puerto Rico, hoy a **torce**/ de julio de mil--

novecientos ochenta.----------------------------

------------------ ANTE MI -----------------------

-------LEONIDES GRAULAU QUIÑONES----------------

Abogado y Notario Público de esta Isla con residencia y vecindad en

Utuado, Puerto Rico-------y oficina en la calle doctor-

Cueto número ciento siete de Utuado, Puerto Rico.----

--------------COMPARECEN --------------------

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca

denominados de aquí en adelante el "deudor hipotecario" y cuyas

circunstancias personales aparecen de dicho párrafo.------------

Doy fe del conocimiento personal de los comparecientes, así como por sus

dichos de su edad, estado civil, profesión y vecindad. ---------------

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre

administración de sus bienes y teniendo a mi juicio la capacidad legal

necesaria para este otorgamiento,

------------------ EXPONEN -------------

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en

el párrafo UNDECIMO así como de todos lo: derechos e intereses en las

mismas, denominada de aquí en adelante "los bienes". ---------------

SEGUNDO: Que los bienes aquí hipotecados están afectos a los

gravámenes que se especifican en el párrafo UNDECIMO.--------------

TERCERO: Que el deudor hipotecario viene obligado para con Estados

Unidos de América, actuando por conducto de la Administración de Hogares

de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",

en relación con un préstamo o préstamos evidenciado por uno o más pagarés

o convenio de subrogación, denominado en adelante el "pagaré", sean uno o

más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales

de una doceava parte de las contribuciones, avaluos (impuestos), primas de

FORMA FmHA 427-1 PR

1

Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento, —————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. ——————————————————————

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. ——————————————————————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.————————————————————————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del once ——————— por ciento ( 11 %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.————————————

(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,



—4—

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ------------------------

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. ------------------------

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de **NUEVE MIL QUINIENTOS ($9,500.00).**

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ------------------------

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré: **NUEVE MIL QUINIENTOS** DOLARES ($**9,500.00** ) el principal de dicho pagaré, con sus intereses según estipulados a razón del **once** por ciento ( **11** % ) anual;

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado:
(A) **NUEVE MIL QUINIENTOS** DOLARES ($**9,500.00** )



—9—

Forma FmHA 427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero; —————————————

(B) CATORCE MIL DOSCIENTOS CINCUENTA————————————————————————————————— DOLARES ($ 14,250.00 ) para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; ————————————

Tres. En cualquier caso y en todo tiempo; ——————————————

(A) TRES MIL OCHOCIENTOS ———————————————————————————— DOLARES ($ 3,800.00 ) para intereses después de mora; ——————————————————

(B) MIL NOVECIENTOS——————————————————————————————— DOLARES ($ 1,900.00 ) para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero; —————————————————————————

(C) NOVECIENTOS CINCUENTA——————————————————————————— DOLARES ($ 950.00 ) para costas, gastos y honorarios de abogado en caso de ejecución; ————

(D) NOVECIENTOS CINCUENTA——————————————————————————DOLARES ($ 950.00 ) para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece. ——————————————

DECIMO: Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO de esta hipoteca es (son) descrito(s) como sigue: ——————
"Pagaré otorgado en el caso número sesenta y tres guión quince guión ciento dieciocho guión veinticuatro guión cero doscientos treinta/ (63-15-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) fechado el día catorce———————— ———— de julio———— de mil novecientos ochenta,———————————————————————————————————————————————————————————————————————

FORMA FmHA 427-1 PR

18

10

Forma FmHA 427-1 PR
10/77

por la suma de **NUEVE MIL QUINIENTOS ($9,500.00)**————————

——————— dólares de principal más intereses sobre el balance del principal

adeudado a razón del **once**————————————————————

——————— ( **11 %**——) por ciento anual, hasta tanto su principal sea

totalmente satisfecho según los términos, plazos, condiciones y estipulaciones

contenidas en dicho pagaré y según acordados y convenidos entre el

Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí

representada, de no haber sido satisfecho con anterioridad, vencerá y será

pagadero a los **veinte (20)**——————— años de la fecha de este pagaré.

—— Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido

por el Gobierno al Prestatario de conformidad con la Ley del Congreso

de los Estados Unidos de América denominada "Consolidated Farm and

Rural Development Act of 1961" o de conformidad con el "Title V of

the Housing Act of 1949", según han sido enmendadas y está sujeto a los

presentes reglamentos de la Administración de Hogares de Agricultores

y a los futuros reglamentos no inconsistentes con dicha Ley . De cuya

descripción, yo, el Notario Autorizante, DOY FE. ——————————

UNDECIMO: Que la propiedad objeto de la presente escritura y sobre la que

se constituye Hipoteca Voluntaria. se describe como sigue: ————————

**RUSTICA: Radicada en el Barrio Río Abajo del término
municipal de Utuado, Puerto Rico, compuesta de SEIS-
CUERDAS, equivalentes a dos hectáreas, treinta y cin-
co áreas, ochenta centiáreas y cuarenta miliáreas con
las siguientes colindancias: por el Norte, con la Su-
cesión Manuel Cortés; por el Sur, Francisco Salas y
Juan Torres antes, hoy Alfonso Días Maldonado y Mo-
desto Torres; por el Este, con Belén Marrero y por el
Oeste, o con la parcela número tres.**——————————————

**——Inscrita al folio doscientos dieciocho vuelto del
tomo doscientos sesenta y cuatro de Utuado, finca nú-
mero diez mil seiscientos noventa y seis, inscrip——
ción sexta.**——

————————————————————————————————

————————————————————————————————

————————————————————————————————

————————————————————————————————

————————————————————————————————

————————————————————————————————

————————————————————————————————

————————————————————————————————

————————————————————————————————

19

427-1 PR

11

Adquyi digo Adquirió el prestatario la descrita fin-
ca por compra a Francisco Pagán según consta de la-
escritura número sesenta y dos de fecha veinte de oc-
tubre de mil novecientos setenta y uno, otorgada en-
la ciudad de Utuado, Puerto Rico, ante el Notario Pú-
blico Rafael J. Baragaño.————————————————————————————
——Dicha propiedad se encuentra gravada con una hipote-
ca por la suma de DIEZ MIL DOLARES ($10,000.00) garan-
tizando un Pagaré al Portador de fecha ocho de diciem-
bre de mil novecientos setenta y seis y el cual vence-
a la presentación.————————————————————————————————————
——DUODECIMO: Que comparece en la presente escritura——
como Deudor Hipotecario Doña Josefina Rivera Colón,———
mayor de edad, casada con Don Luis A. Rivera Irizarry
propietaria y vecina de Utuado, Puerto Rico, por sí y
en representación y como tutora legal de su esposo————
Don Luis A. Rivera Irizarry, mayor de edad, casado————
con Doña Josefina Rivera Colón, propietario y vecino—
de Utuado, Puerto Rico, a tenor con resolución dicta-
da por el Honorable Juez José A. Annomi Matos, del————
Tribunal Superior de Puerto Rico, Sala de Utuado, en-
el Caso Civil Número TS ochenta guión mil doscientos-
treinta y dos, el día once de julio de mil novecien——
tos ochenta: cuya dirección postal es Bo. Sabana Gran
de, Utuado, Puerto Rico.———————————————————————————————
——DECIMO TERCERO: El importe del prestamo aquí consig-
nado se usó o será usado para fines agrícolas y la————
construcción y/o reparación y/o mejoras de las insta-
laciones físicas en la finca descrita.——————————————————
——DECIMO CUARTO: El prestatario ocupará personalmente
y usará cualquier estructura que haya sido construida
mejorada o comprada con el importe del préstamo aquí—
garantizado y no arrendará o usará para otros fines——
dicha estructura a menos que el Gobierno lo consienta
por escrito. La violación de esta cláusula como la——

20

violación de cualquiera otro convenio o cláusula——

aquí contenida ocasionará el vencimiento de la obli-

gación como si todo el término hubiese transcurrido

y en aptitud el Gobierno de declarar vencido o paga-

dero el préstamo y proceder a la ejecución de la hipo

teca.————————————————————————————————————————

——DECIMO QUINTO: Esta hipoteca se extiende expresa—

mente a toda construcción o edificación existente en—

la finca antes,————————————————————————————————————

21

Forma FmHA 427-1PR
10/77

descrita(s) y a toda mejora, construcción o edificación que
se construya en dicha finca(s) durante la vigencia del ------
préstamo hipotecario constituido a favor del Gobierno, veri-
ficada por los actuales dueños deudores o por sus cesionarios
o causahabientes. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

22

DECIMO SEXTO:   El deudor hipotecario por la presente-------
renuncia mancomunada y solidariamente por sí y a nombre de-
sus herederos causahabientes, sucesores o representantes a--
favor del acreedor (Administración de Hogares de -----------
Agricultores), cualquier derecho de Hogar Seguro (Homestead)
que en el presente o en el futuro pudiera tener en la ------
propiedad descrita en el párrafo undédimo y en los edificios
allí enclavados o que en el futuro fueran construídos; -----
renuncia esta permitida a favor de la Administración de ----
Hogares de Agricultores por la Ley Número trece (13) del ---
veintiocho (28) de mayo de mil novecientos sesenta y nueve--
(1969) (31 L.P.R.A. 1851).--------------------------------

DECIMO SEPTIMO:  El acreedor y el deudor hipotecario -------
convienen en que cualquier estufa, horno, calentador compra-
do o financiado total o parcialmente con fondos del préstamo
aquí garantizado, se considerará e interpretará como parte--
de la propiedad gravada por esta Hipoteca.------------------

---DECIMO OCTAVO: Los fondos de este préstamo serán----
utilizados para rehabilitar la finca y pagar deuda----
del Banco Popular de Puerto Rico.▬▬▬▬▬▬▬▬▬

---DECIMO NOVENO: Este instrumento garantiza asimismo-
el rescate o recuperación de cualquier crédito por---
intereses o subsidio que pueda otorgarse a los presta
tarios por el Gobierno de acuerdo con las disposicio-
nes del Título 42 del Código de Estados Unidos, Sec--
ción 1490-A, (42 U.S.C. 1490-A).▬▬▬▬▬▬▬▬▬

---Los otorgantes aceptan el presente documento tal y-
como está redactado por encontrarlo conforme a lo con
venido.▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬



13



--Yo, El Notario, hice a los otorgantes las reservas
y advertencias legales pertinentes.--------------------
--Así lo dicen y otorgan los comparecientes ante mí y
sin la comparecencia de testigos por no haberlo soli
citado así los otorgantes ni el Notario Fedante.-----
--Leí la presente escritura a los otorgantes les ad-
vertí del derecho que tienen de hacerlo por sí al---
cual renunciaron, manifiestan quedar bien enterados-
de su contenido en el mismo se ratifican y firman.--
---Y DE TODO LO CONTENIDO en este Instrumento Público
y de quedar adheridos y cancelados los sellso corres
pondientes de Rentas Internas y el sello del Impues-
to Notarial del Colegio de Abogados de Puerto Rico,
Yo, El Notario, DOY FE.___ --------------------------

23

FIRMADOS: JOSEFINA RIVERA COLON como tutora legal de
DON LUIS A. RIVERA IRIZARRY y previo su sello, signo-
rúbrica FIRMADO: LEONIDES GRAULAU QUIÑONES, NOTARIO
PUBLICO Aparecen las inicials de los otorgantes y la rúbrica
del notario al margen de cada página.  Firmado,
signado, sellado y rubricado por el notario que sus-
cribe.  (Cancelados los correspondientes sellos de
rentas internas e impuesto notarial).

CERTIFICO: Que esta es primera copia fiel y
exacta de su original la que yo y su protocolo bajo
el número y fecha antes indicado para entregar a parte
interesada la expido en la misma fecha de su otor-
gamiento.  Rubricado

24

Inscrito al folio 226 vto., del
tomo 313 de Utuado, ins. 10ma.,
fca. # 10,696. Afecta a una hi-
poteca por $10,000.00 a favor de
_____ y a una hipoteca por
$3,500.00 a favor de _____
_____ _____ _____
_____ Utuado, _____ a
15 de julio de 1980.

Sus Derechos _____ _____

Don M. de Figueroa
Registrador



Baurcis note of $10,000
has been cancelled by
deed 117 of 9/19/80 by
Lcdo. L. Graulau.

9/24/80
W. Ortiz

152.214

# UNITED STATES DEPARTMENT OF AGRICULTURE
# FARM SERVICE AGENCY

Exhibit 10

654 Muñoz Rivera Avenue
654 Plaza Suite #829
San Juan, PR 00918

Borrower:     Rivera Irizarry, Luis A.          Case No:     63-015-0230

## *CERTIFICATION OF INDEBTEDNESS*

I, Carlos J. Morales, of legal age, single, a resident of San Juan, Puerto Rico, in my official capacity as Loan Resolution Task Force Contractor of the *Farm Service Agency*, United States Department of Agriculture (USDA), state that:

- The borrower's indebtedness is as shown in the following Statement of Account, according to information obtained from all available records at the USDA-Farm Service Agency:

### *Statement of Account as of     September 10, 2020*

| Loan Number | 43-01 | |
|---|---|---|
| Note Amount | $ | 3,500.00 |
| Original Note Date | 7/14/1980 | |
| Date of Last Payment | 1/31/1983 | |
| Principal Balance | $ | 2,385.22 |
| Unpaid Interest | $ | 5,521.05 |
| Misc. Charges | $ | 795.00 |
| Total Balance | $ | 8,701.27 |
| Daily Interest Accrual | $ | 0.4353 |
| Amount Delinquent | $ | 8,701.27 |
| Years Delinquent | Fully matured | |

| Loan Number | 43-02 | |
|---|---|---|
| Note Amount | $ | 9,500.00 |
| Original Note Date | 7/14/1980 | |
| Date of Last Payment | 1/31/1983 | |
| Principal Balance | $ | 9,162.23 |
| Unpaid Interest | $ | 37,903.26 |
| Misc. Charges | $ | - |
| Total Balance | $ | 47,065.49 |
| Daily Interest Accrual | $ | 2.7612 |
| Amount Delinquent | $ | 47,065.49 |
| Years Delinquent | Fully matured | |

- The information in the above Statement of Account in affiant's opinion is a true and correct statement of the aforementioned account and to this date remains due and unpaid.

- The defendant is neither a minor, nor incompetent, nor in the military service of the United States of America.

- The above information is true and correct to the best of my knowledge and belief, and is made under penalty of perjury as allowed by 28 U.S.C. 1746.

Carlos J. Morales Lugo
LRTF Contractor
September 10, 2020



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Exhibit 11

| | |
|---|---|
| SSN: | XXX-XX-0876 |
| Birth Date: | |
| Last Name: | RIVERA COLON |
| First Name: | JOSEFINA |
| Middle Name: | |
| Status As Of: | Oct-29-2020 |
| Certificate ID: | 00GGDD9HZFTWQ5R |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods.  Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| United States of America, acting through the United States Department of Agriculture | ) ) ) ) |
|---|---|
| _Plaintiff(s)_ | ) ) |
| v. | ) Civil Action No. |
| JOSEFINA RIVERA COLÓN, et als. | ) FORECLOSURE OF MORTGAGE ) ) ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CARLOS ALBERTO RIVERA RIVERA
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $        0        .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| United States of America,<br>acting through the<br>United States Department of Agriculture | ) |
| --- | --- |

| _Plaintiff(s)_ | ) |
| v. | ) |
| JOSEFINA RIVERA COLÓN, et als. | ) |
| _Defendant(s)_ | ) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_    CAROLYN RIVERA RIVERA
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_MARIA ANTONGIORGI-JORDAN, ESQ._
_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $        0        .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| United States of America, acting through the United States Department of Agriculture | ) ) ) ) |  |
|---|---|---|
| _Plaintiff(s)_ | ) ) |  |
| v. | ) | Civil Action No. |
| JOSEFINA RIVERA COLÓN, et als. | ) ) | FORECLOSURE OF MORTGAGE |
| _Defendant(s)_ | ) ) ) ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   CLARIXA RIVERA RIVERA
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____         _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

### District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture<br><br>*Plaintiff(s)*<br><br>v.<br><br>JOSEFINA RIVERA COLÓN, et als.<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

FORECLOSURE OF MORTGAGE

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ENID RIVERA CABAÑAS
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date:  _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $          0          .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture <br><br> _____ <br> *Plaintiff(s)* <br><br> v. <br><br> JOSEFINA RIVERA COLÓN, et als. <br><br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* IVÁN RIVERA DE JESÚS
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $      0      .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| United States of America, acting through the United States Department of Agriculture | ) ) ) ) ) ) ) ) ) ) ) |  |
|---|---|---|
| *Plaintiff(s)* | | |
| v. | | Civil Action No. |
| JOSEFINA RIVERA COLÓN, et als. | | FORECLOSURE OF MORTGAGE |
| *Defendant(s)* | | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   JANICE LILI RIVERA RIVERA
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $        0        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

| United States of America, acting through the United States Department of Agriculture | ) ) ) ) ) ) ) ) ) ) ) |
|---|---|
| *Plaintiff(s)* | |
| v. | Civil Action No. |
| JOSEFINA RIVERA COLÓN, et als. | FORECLOSURE OF MORTGAGE |
| *Defendant(s)* | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   JOSEFINA RIVERA COLÓN
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $        0        .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                          *Server's signature*

                                                  _____
                                                          *Printed name and title*


                                                  _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

United States of America,
acting through the
United States Department of Agriculture

)
)
)
)
)

*Plaintiff(s)*

)

v.

)

Civil Action No.

JOSEFINA RIVERA COLÓN, et als.

)
)

FORECLOSURE OF MORTGAGE

)
)
)

*Defendant(s)*

)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   LINDA RIVERA DE JESÚS
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture _____ *Plaintiff(s)* v. JOSEFINA RIVERA COLÓN, et als. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  LUIS ALBERTO RIVERA DE JESÚS
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $       0       .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture _____ *Plaintiff(s)* v. JOSEFINA RIVERA COLÓN, et als. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. FORECLOSURE OF MORTGAGE |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* LUIS GILBERTO RIVERA RIVERA
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture<br><br>_____<br><br>*Plaintiff(s)*<br><br>v.<br><br>JOSEFINA RIVERA COLÓN, et als.<br><br>_____<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   PETER RIVERA RIVERA
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____                    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# United States District Court
for the
## District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture _____ *Plaintiff(s)* v. JOSEFINA RIVERA COLÓN, et als. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. **FORECLOSURE OF MORTGAGE** |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  UNITED STATES OF AMERICA
c/o United States Attorney
Suite 1201, Torre Chardón, 350 Chardón Street
San Juan, Puerto Rico 00918

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

### District of Puerto Rico

| | | |
|---|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) | |
| *Plaintiff(s)* | ) ) | Civil Action No. |
| v. | ) ) | FORECLOSURE OF MORTGAGE |
| JOSEFINA RIVERA COLÓN, et als. | ) ) ) | |
| *Defendant(s)* | ) ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  NILSA RIVERA CORTÉS
Sector El Salto del Buey
Río Abajo Wd.
Km. 4.2, Int.
Municipal Rad entrance left
Colmado La Gran Parada
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $          0          .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

| | |
|---|---|
| Attorney Name (Last, First, MI): | Fortuño, Juan Carlos |
| USDC-PR Bar Number: | 211913 |
| Email Address: | jcfortuno@fortuno-law.com |

1. Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff: UNITED STATES OF AMERICA, acting through the USDA

   Defendant: JOSEFINA RIVERA COLÓN; ET ALS.

2. Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case

   ☐ Social Security

   ☐ Banking

   ☐ Injunction

3. Indicate the title and number of related cases (if any).

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes

   ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes

   ☒ No

6. Does this case question the constitutionality of a state statute? (See, Fed.R.Civ. P. 24)

   ☐ Yes

   ☒ No

Date Submitted: October 29, 2020

rev. Dec. 2009

Print Form      Reset Form

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Juan C. Fortuño Fas
Po Box 3908, Guaynabo, PR 00970
Tel. 787-751-5290

## DEFENDANTS

JOSEFINA RIVERA COLÓN, et als.

County of Residence of First Listed Defendant   Utuado, P.R.
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Consolidated Farm & Development Act, 7 USC 1921, et seq. & 28 USC 1345

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
54,971.76

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions):*
JUDGE

DOCKET NUMBER

DATE
10/28/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE